NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

24-279

CITY OF LAFAYETTE

VERSUS

ALESIA L. GALLIEN

**********

APPEAL FROM
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. OP-4995
HONORABLE SCOTT J. PRIVAT, JUDGE

**********

JUDGE
CHARLES G. FITZGERALD

**********

Court composed of Charles G. Fitzgerald, Guy E. Bradberry, and Wilbur L. Stiles, Judges.

APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.

**Charles Slade Norfleet**
**Lafayette City Prosecutor's Office**
**2100 Jefferson St., Building C**
**Lafayette, LA  70501**
**COUNSEL FOR APPELLEE:**
     **City of Lafayette**


**Alesia L. Gallien, Pro Se**
**3201 Kaliste Saloom Rd., Lot 330**
**Lafayette, LA 70508**
**(337) 554-4035**
**COUNSEL FOR APPELLANT:**
     **Alesia L. Gallien**

**FITZGERALD, Judge**.

On September 18, 2019, Defendant-Appellant ("Defendant"), Alesia L. Gallien, was charged with one count of simple battery, in violation of the Code of Ordinances of the City of Lafayette, Section 62-67. After a bench trial on September 20, 2023, Defendant was found guilty as charged and sentenced to thirty days in parish jail, which was suspended; ordered to pay a fine of $260; and placed on unsupervised probation for twelve months. Defendant was also ordered to complete an anger management course as a special condition of probation.

On October 27, 2023, Defendant filed a letter with the Lafayette Parish Clerk of Court wherein she asked for an appeal of her September 20, 2023 conviction and sentence. On November 9, 2023, the city court judge granted Defendant-Appellant an appeal to the Fifteenth Judicial District Court.

On March 14, 2024, a hearing was held in district court under La.R.S. 13:1896 regarding Defendant's appeal of her conviction and sentence. The district court subsequently issued a ruling affirming Defendant's conviction and sentence, finding that the record sufficiently established "all elements of the offense of simple battery." Additionally, the district court found that the sentence imposed by the city court was "legal in all respects."

On April 19, 2024, Defendant filed her notice of intent to file an appeal which was granted by the trial court on May 1, 2024.

The record was lodged with this court on May 28, 2024, and on June 5, 2024, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is a misdemeanor. La.Code Crim.P. art. 912.1. Defendant claimed she did not receive the original rule to show cause, and this court reissued the rule to show cause on July 2, 2024.

On July 23, 2024, Defendant filed her response to the rule to show cause. However, instead of addressing why the appeal should not be dismissed, Defendant argued the merits of her case.

The appeal is dismissed, as the misdemeanor conviction is not appealable, but Defendant is hereby permitted to file an application for supervisory writs within fifteen days of the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3 as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.